Complainant brings a suit to set aside a deed executed by her, together with her husband, to her husband's parents. She contends that the conveyance was without consideration; that she did not understand what she was doing when she signed the deed; and that she did not have any independent advice in the transaction. The circumstances were as follows: The defendants paid more than $1,000 on the purchase of a house, the balance being secured by a mortgage executed by the son and daughter-in-law. The house was intended as a gift to the son, and he and his wife occupied the house as a home for several months, until they became estranged and he returned to live with his parents. He was about to go into the army, which he has since done. On November 24th, 1942, she went with her husband at his request, to the office of Winthrop Watson, who prepared the deed in question. Mr. Watson testified that he carefully explained the effect of the deed to complainant, that she was alert and well, and fully comprehended what she was doing.
In my opinion complainant has not made out a case entitling her to a rescission of the transaction. It would seem clear that the parents, having provided the funds for the acquiring of a home for the use of the husband and wife, and that this use being no longer possible because of the separation of the couple, complainant and her husband decided to turn the property over to the original donors.
The situation in this case differs from that in which there is a confidential relationship based on the marriage, and in which the wife, reposing full confidence in the husband, is *Page 198 
dominated by him and thereby prevented from freely exercising her will. The parties here were estranged and, in fact, separated, so that they were dealing, more or less, at arms' length. Wolf v.Palisades Trust and Guarantee Co., 121 N.J. Eq. 385. Under these circumstances there is no need for independent advice, so long as it is clear that the grantor fully understood the nature of the transaction.
A decree will be advised dismissing the bill of complaint.